[No. 6032. Decided August 25, 1906.]

JACOB ANTHES, *Respondent,* v. C. J. ERICKSON, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS. The findings of the trial court upon
a trial without a jury on conflicting evidence as to an oral contract
for the sale of brush will not be disturbed on appeal where the de-
cision depends upon the credibility of the witnesses.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered July 10, 1905, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury in an action on contract. Affirmed.

*Shank & Smith,* for appellant.

*Byers & Byers,* for respondent.

MOUNT, C. J.—The respondent brought this action to re-
cover upon a contract for brush, cut and delivered to appel-
lant. The cause was tried to the court without a jury, find-
ings were made in favor of the plaintiff, and defendant ap-
peals.

The complaint alleges, a contract for four thousand cords
of brush, at $1.30 per cord, to be delivered to appellant upon
scows; that one thousand seven hundred and thirty-six cords
were delivered, on which there was a balance due amounting
to $246.80; that one thousand two hundred and fifty cords
were cut, which defendant without cause refused to receive,
and plaintiff was thereupon damaged in the sum of $1,625;
that plaintiff's profits upon the balance of the four thousand
cords would have been $50.75. The answer denied that there
was a contract for more than one thousand seven hundred and
thirty-six cords, and alleged that defendant had received that
number of cords, and admitted a balance due amounting to
$246.80, which was tendered and paid into court. The an-
swer denied all the other allegations of the complaint. After

[1]Reported in 86 Pac. 668.

hearing the evidence, the court found that the contract was for four thousand cords; that respondent had delivered one thousand seven hundred and thirty-six cords, at $1.30 per cord, and had cut and offered to deliver one thousand two hundred and fifty cords more, which appellant refused to receive; and that respondent had been damaged thereby in the sum of $555.

The only question presented on this appeal is the sufficiency of the evidence to justify the finding that the contract was for four thousand cords. The contract was oral. We have carefully examined the evidence in the record and find that testimony of the plaintiff and his witnesses was to the effect that the contract was for at least four thousand cords. The testimony of the defendant and his witnesses was to the effect that the contract was for four scow loads and as much more as defendant required, a scow load being about two hundred cords. The decision of the case depends, therefore, upon the credibility of the witnesses. We think the trial court was justified in finding in favor of the plaintiff.

The judgment is therefore affirmed.

DUNBAR, ROOT, FULLERTON, and CROW, JJ., concur.